IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40496
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LETICIA MEDINA LEAL,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-CR-263-2
- - - - - - - - - -
February 10, 1998
Before SMITH, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Leticia Medina Leal appeals her guilty-plea conviction for using and carrying a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1). Leal argues that the factual basis is insufficient to support her guilty plea in light of this court's decision in United States v. Tolliver, 116 F.3d 120 (5th Cir.), cert. denied, 118 S. Ct. 324 (1997). This court's decision in Tolliver did not change the law, it applied law that was established before Leal pleaded guilty, by the 1993 Supreme Court decision in Smith v. United States, 508 U.S. 223,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

237-38 (1993).  The district court complied with Fed. R. Crim. P. 11(f) and did not err in determining that Leal's guilty plea had a sufficient factual basis.  Leal knowingly carried a firearm to protect herself while transporting marijuana, thus, the firearm had a purpose with respect to the drug-trafficking crime, and its presence or involvement was not the result of an accident or coincidence.  See United States v. Harlan, 130 F.3d 1152, 1153-54 (5th Cir. 1997) (holding that defendant who carried firearms in his car for protection in case one of his drug deals took a turn for the worse satisfied the "in relation to" requirement of § 924(c)(1)).

AFFIRMED.